IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID P. PETERSEN, | ) | 8:19CV316 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ADAM W. OVERSTREET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, who appears pro se, filed his Complaint on July 18, 2019. (Filing 1) He has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This is a *Bivens* action[1] in which Plaintiff seeks to recover damages from eleven federal prosecutors and FBI agents who obtained a conviction against him for securities and wire fraud in the United States District Court for the Southern District of Alabama.[2]

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be

---

[1] Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.

[2] *See United States v. Sencan*, 629 F. App'x 884, 887 (11th Cir. 2015) (affirming Plaintiff's conviction and sentence).

granted,[3] or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte (on its own motion). *See Gaither v. Georgia*, No. 4:19CV3029, 2019 WL 1789681, at *1 (D. Neb. Apr. 24, 2019); *Grant v. U.S. Dep't of Def.*, No. 8:18CV247, 2018 WL 3383420, at *2 (D. Neb. July 11, 2018); *Bastian v. United States*, No. 8:17CV309, 2018 WL 618419, at *3 (D. Neb. Jan. 29, 2018); *Jones v. Home*, No. 8:16CV97, 2016 WL 3211817, at *2 (D. Neb. June 9, 2016).

Venue for a *Bivens* action is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[3] Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The allegations in Plaintiff's Complaint establish that the United States District Court for the District of Nebraska is the wrong venue for this case. None of the defendants reside in Nebraska. Ten of the defendants are Alabama residents, and the eleventh defendant resides in Arkansas. Only Plaintiff resides in Nebraska. Also, it does not appear that any events or omissions giving rise to Plaintiff's claims against the defendants occurred in Nebraska.

Rather, it appears that the proper venue for Plaintiff's case under 28 U.S.C. § 1391(b)(2) is the United States District Court for the Southern District of Alabama because that is where the events or omissions giving rise to Plaintiff's claims seem to have occurred.

In the interest of justice, an in order to avoid duplication of effort by the Plaintiff and potential statute of limitations issues that could arise from a dismissal, this matter will be transferred to the United States District Court for the Southern District of Alabama for disposition.[4]

## IV. CONCLUSION

The court has determined that the District of Nebraska is not a proper venue for Plaintiff's *Bivens* action, and that the matter should be transferred to the Southern District Alabama in lieu of dismissing the action for improper venue. Plaintiff is advised that the court has made no determination as to whether summary dismissal is otherwise appropriate under 28 U.S.C. § 1915(e)(2).

Accordingly,

---

[4]General information about the United States District Court for the Southern District of Alabama may be found at https://www.alsd.uscourts.gov. Guidance for pro se litigants in that court may be found at https://www.alsd.uscourts.gov/filing-without-attorney.

IT IS ORDERED:

1. The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, the court will transfer this case to the United States District Court for the Southern District of Alabama, a proper venue.

2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Alabama.

3. The Clerk of the Court shall close and terminate this case in the District of Nebraska.

DATED this 1st day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge